### HEBBERD v. AMERICAN SHEET METAL LATH CO., Inc.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

EVIDENCE (§§ 398, 455*)—PAROL—WRITTEN EMPLOYMENT CONTRACT.

  In a salesman's action for breach of his written employment contract, providing that his salary should be $1,800 per year for selling metal lath, the average monthly sales of which should be at least 5,000 square yards, parol evidence was admissible to explain the ambiguity in connection with the use of the word "average," but not to contradict the unambiguous stipulation as to the period of hiring.

  [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1766–1771, 2104; Dec. Dig. §§ 398, 455.*]

Appeal from City Court of New York, Trial Term.

Action by Harvey W. Hebberd against the American Sheet Metal Lath Company, Incorporated. Verdict for plaintiff. From denial of motion to set aside the verdict and for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Lewis & McNamara, of Brooklyn (William J. Lewis and Daniel McNamara, Jr., both of Brooklyn, of counsel), for appellant.

Lewis F. Glaser, of New York City, for respondent.

COHALAN, J. The action was brought to recover damages alleged to have been sustained by the plaintiff because of a breach by the defendant of a written agreement of employment. The contract in suit provided for the employment of the plaintiff at a salary of $1,-800 per year. The consideration of the services to be rendered was that the plaintiff should sell metal lath, the averaged sales monthly to be at least 5,000 square yards. Upon the trial the plaintiff was permitted to testify to conversations had with the president of the defendant corporation. These alleged conversations were had prior to the execution of the contract. An examination of the agreement showed that there was no ambiguity in the terms of the agreement, so far as a definite period of hiring was concerned. It was complete in its terms. The legal effect of the contract was a hiring for a year, and the oral evidence introduced tended to contradict that legal effect. Parol evidence is only received where doubt arises from the face of the instrument and from the language used therein. However, evidence of this character was admissible on the provisional part of the contract. If there was ambiguity therein, it related to the word "average," and on the plaintiff's own showing he did not average monthly sales of 5,000 square yards of metal lath. It appears that he was employed three months under the contract, and that his sales fell short of what was required under the terms of the agreement, and he was summarily discharged. The defendant on a new trial is entitled by parol evidence to have the compensation feature of the contract fully submitted to the jury.

The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.